**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DOMINIC PARTON, and D.L.,** *a minor*,

                                        **Plaintiffs,**

    **vs.**                                                    **5:22-CV-1030**
                                                                          **(MAD/ML)**

**THE CITY OF SYRACUSE, CITY OF SYRACUSE**
**OFFICE OF THE MAYOR BEN WALSH,**
**ONONDAGA COUNTY DISTRICT ATTORNEY**
**WILLIAM J. FITZPATRICK, and SYRACUSE**
**POLICE DEPARTMENT,**

                                        **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**DOMINIC PARTON**
16-B-1534
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

                                        **ORDER**

      On October 3, 2022,[1] Plaintiff Dominic Parton ("Plaintiff"), on behalf of himself and his

minor child D.L., filed a complaint with a jury demand, *see* Dkt. No. 1, a motion to proceed *in*

*forma pauperis* ("IFP"), *see* Dkt. Nos. 2, 5, and a motion to appoint counsel. *See* Dkt. No. 3. On

February 17, 2023, Magistrate Judge Miroslav Lovric issued an Order and Report-

Recommendation granting Plaintiff's request to proceed IFP for purposes of filing and any appeal,

_____

[1] On October 5, 2022, Magistrate Judge Lovric entered an order directing administrative closure.
*See* Dkt. No. 4. Following a submission of a completed motion to proceed IFP, *see* Dkt. No. 5,
and an inmate authorization form, *see* Dkt. No. 7, the case was reopened. *See* Dkt. No. 6.

denying Plaintiff's motion to appoint counsel without prejudice, and recommending the complaint be dismissed without prejudice and without leave to amend. *See* Dkt. No. 8. On March 2, 2023, Plaintiff filed an objection. *See* Dkt. No. 9.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, as Plaintiff appears IFP, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's "objection" filed on March 2, 2023, simply acknowledges the mistakes in his complaint, and requests he be given time to find a lawyer to amend his complaint. *See* Dkt. No.

9.  As these are not specific objections, the Court reviews the Order and Report-Recommendation for clear error.

Magistrate Judge Lovric correctly recommended that Plaintiff's claims on behalf of his minor child must be dismissed as Plaintiff is not an attorney.  *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child").  Similarly, if Plaintiff sought to assert claims on behalf of Ms. Lazore, D.L.'s other parent, he cannot do so as he is not an attorney.  *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009).

The Court agrees with Magistrate Judge Lovric that the claims against Defendant Syracuse Police Department and Defendant Office of the Mayor must be dismissed,[2] as "[m]unicipal departments … are not amenable to suit." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999).

"[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity." *D'Alessandro v. City of New York*, 713 Fed. Appx. 1, 8 (2d Cir. 2017) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)); *see also Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988).  Plaintiff alleges failures during Defendant Fitzpatrick's actions as a prosecutor on D.L.'s case, *see* Dkt. No. 1 at 4, which are only issues regarding Defendant Fitzpatrick acting as a prosecutor.  Accordingly,

---

[2] Even if the Court construes the claims against Defendant Syracuse Police Department and the City of Syracuse Office of the Mayor Ben Walsh as claims against the municipality, the claims still fail as a municipality "may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *1 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)).  Plaintiff failed to allege such policy or custom.

Magistrate Judge Lovric correctly found that claims against Defendant Fitzpatrick must be dismissed.

Magistrate Judge Lovric correctly determined that any claims against SUNY Upstate Medical, though not listed as a defendant, are also barred by sovereign immunity. *See Ideyi v. State Univ. of New York Downstate Med. Ctr.*, No. 09-CV-1490, 2010 WL 3938411, *4 (E.D.N.Y. Sept. 30, 2010) ("SUNY (including its subdivisions) and its officials are entitled to the protection of sovereign immunity") (citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)); *Campbell v. New York City*, No. 12-CV-2179, 2012 WL 3027925, *3 (E.D.N.Y. July 23, 2012) ("[P]laintiff's § 1983 claims against the Hospital are barred by the ... Eleventh Amendment because this hospital is a branch of SUNY").

The Court agrees with Magistrate Judge Lovric's finding that Plaintiff lacks standing to bring claims against Defendant City of Syracuse to compel a prosecution. *See Weisshaus v. New York*, No. 08-CV-4053, 2009 WL 2579215, *3 (S.D.N.Y. Aug. 20, 2009) ("Where a crime victim brings suit contesting the non-prosecution of the alleged perpetrator, courts have found that the victim lacks standing to do so"); *Fiorito v. DiFiore*, No. 13-CV-2691, 2014 WL 4928979, *3 (S.D.N.Y. Oct. 2, 2014) ("A crime victim also does not have standing to challenge the failure to investigate the crime").[3]

Magistrate Judge Lovric correctly denied the appointment of counsel without prejudice. In deciding whether to appoint counsel, indigents do not have to demonstrate that they can win

---

[3] To the extent Plaintiff seeks damages against Defendant City of Syracuse, *see* Dkt. Nos. 1, 9, Magistrate Judge Lovric did not address such claims.  Regardless, Plaintiff has failed to state a claim of municipal liability under Section 1983 by failing to explicitly allege a policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

their cases without the aid of counsel, but they do have to show likely merit.  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).  Plaintiff failed to show likely merit.  However, Plaintiff now requests thirty days to retain counsel due to his *pro se* status and lack of knowledge of the legal system in order to better set out his claims.  *See* Dkt. No. 9.  This request is granted as a "reasonable allowance[]" for the *pro se* Plaintiff.  *Taguth*, 710 F.2d at 95.

> For *pro se* plaintiffs appearing IFP,

> > [a]lthough the language of § 1915 is mandatory, stating that "the court shall dismiss the case" in the enumerated circumstances, we conclude that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.

*Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  "[M]otions to amend should be granted freely in the interests of justice, [and] a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once." *Id.*; *see also Romano v. Lisson*, 711 Fed. Appx. 17, 19 (2d Cir. 2017).  Out of concern for *pro se* Plaintiff foregoing his rights, having considered the most recent filing, *see* Dkt. No. 9, and recognizing Plaintiff has not yet been given the opportunity to amend the complaint, the Court grants leave to amend.

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that the Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in part**; and the Court further

**ORDERS** that the claims against Defendant City of Syracuse Office of the Mayor Ben Walsh **are DISMISSED with prejudice**; and the Court further

**ORDERS** that the claims against Defendant Syracuse Police Department **are DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff Parton has designated as his current location with a copy of Plaintiff Parton's inmate authorization form (Dkt. No. 7) and notify that official that Plaintiff Parton has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff Parton's inmate authorization form (Dkt. No. 7) to the Financial Deputy of the Clerk's office; and the Court further

**ORDERS** that Plaintiff shall attempt to secure legal representation within **THIRTY (30) DAYS** of this Order; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **SIXTY (60) DAYS** of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within sixty (60) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 24, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge